[Crim. No. 650.   In Bank.—December 3, 1900.]

THE PEOPLE, Respondent, v. JUSTIN A. BROWN, Appellant.

CRIMINAL LAW—HOMICIDE—SELF-DEFENSE—SUPPORT OF VERDICT.—A verdict of guilty of murder will not be disturbed upon appeal, notwithstanding doubt thrown upon the testimony of the only eyewitness to the homicide, which, if believed by the jury, would support the verdict, and notwithstanding the corroboration of testimony of the defendant that he acted in self-defense. The truth or falsity of the testimony was matter for the jury to pass upon.

ID.—EVIDENCE—LEADING QUESTIONS—DISCRETION OF TRIAL COURT.—The trial court has discretion to allow leading questions to be addressed to a witness for the prosecution in his examination in chief, and its discretion will not be interfered with upon appeal, except in a clear case of abuse.

ID.—HARMLESS RULING—PRELIMINARY QUESTIONS—DYING DECLARATIONS. The allowance of preliminary questions asked of a witness with a view to the introduction of the dying declarations of the deceased is harmless, and. could not prejudice the defendant, where the dying declarations were not offered in evidence.

ID.—DECLARATION OF DECEASED—REFUSAL TO STRIKE OUT.—The refusal of the court to strike out evidence of a declaration of the deceased, made a short time after the shooting, that he was "shot to kill,'' cannot be prejudicial where it was conceded that defendant fired the fatal shot.

ID.—MOTIVE—DECLARATIONS OF DEFENDANT—INTIMACY WITH WIFE OF DECEASED.—For the purpose of proving motive for the murder of the deceased, evidence of the declarations of the defendant tending to show intimate friendship or meretricious relations between him and the wife of the deceased is competent; and the fact that the declarations were of a vague and general character goes to their weight, and not to their admissibility.  ·

ID.—EVIDENCE OF MOTIVE MATERIAL—PLEA OF SELF-DEFENSE.—Evidence tending to show a motive for the killing is as material for the state, where the defendant claims that he acted in self-defense, as where the killing is denied.

ID.—INSTRUCTIONS AS TO DYING DECLARATIONS.—Abstract instructions as to dying declarations, where none were introduced in evidence, are not ground for reversal; and the refusal to give instructions requested relating to that subject is not erroneous.

ID.—INAPPLICABLE INSTRUCTIONS.—Instructions having no application to the facts of the case are properly disallowed.

APPEAL from a judgment of the Superior Court of Kern County and from an order denying a new trial.   J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

Alvin Fay, and J. W. P. Laird, for Appellant.

Tirey L. Ford, Attorney General, and C. N. Post, Assistant Attorney General, for Respondent.

GAROUTTE, J.—Defendant has been convicted of the crime of murder and sentenced to life imprisonment.   He now attacks the evidence as not being sufficient to support the ver-

dict.    The killing is conceded, and self-defense was the plea at the trial.

There was bad blood between these two men, and communicated threats of bodily harm had been made by both a short time prior to the homicide.    The single eyewitness to the tragedy, a boy of twenty years of age, testified to facts which, if true, show the defendant to be guilty of murder.    The defendant testified that the deceased, at the time the fatal shot was fired, was advancing upon him in a threatening manner with an uplifted board in his hand, and that the shooting was necessary to save his own life.    The location of the deadly wound upon the body tends strongly to corroborate the testimony of defendant as to the particular circumstances under which the fatal shot was fired.    Again, some doubt is thrown upon the truthfulness of the testimony of the eyewitness by reason of the fact that he made many statements prior to the trial to various parties in detailing the circumstances of the affray, which were in conflict with his testimony.    But after considering all these matters this court can only say that the truth or falsity of his evidence was essentially a matter for the jury to pass upon.    If his evidence were true, the defendant was guilty of murder, and evidently the jury believed his testimony.    Under principles of law long settled in this state, we cannot disturb the verdict upon the ground that the evidence is too weak to support it.

Various objections are made to the rulings of the court upon the admission of evidence, and we will notice the more important ones.    Many of these objections are made to matters of evidence which in no possible way bore upon defendant's guilt, and had no tendency whatever to prejudice him in the trial of his case.

It is insisted that the court abused its discretion in allowing leading questions to be asked the witness Bennett.    Some of the questions to which this objection is made are not leading, as, for example, "Did he have anything in his hand?"    In view of the fact that Bennett was the principal witness for the prosecution, the court might well have restricted the manner of the examination within narrower limits.    At the same time, it is only in very exceptional cases that we will declare the trial

court to have abused its discretion in allowing an attorney to ask leading questions. The motives for the action of the trial court in matters of this kind are often of the character that the printed record brought before us but poorly discloses, and for this reason alone a wide range is given it in governing the conduct of attorneys in the examination of witnesses. Upon this point we cannot say that the court abused its discretion. The questions asked the witness Hitchcock all went to the establishment of a foundation upon which to base the introduction of a dying declaration. Inasmuch as the dying declaration was not thereafter introduced in evidence, objections to the questions addressed to him need not be considered. For the evidence given was merely preliminary, and in no way prejudiced defendant.

The witness Hitchcock testified that he saw deceased a very short time subsequent to the shooting, and that the deceased said to him, "I am shot to kill." Even conceding this evidence to be inadmissible hearsay, still no prejudicial error was committed in refusing a motion to strike it from the record. For it was conceded that defendant fired the fatal shot, and certainly that is as far as the declaration of the wounded man went.

Declarations of the defendant were introduced in evidence, which tended to show an intimate friendship existing between him and the wife of deceased. This evidence was of a very vague and general character, but objections upon this ground go to its weight rather than to its admissibility. For the purpose of proving motive for the murder of a husband, meretricious relations existing between a defendant and the dead man's wife may be shown, and it is said in *People v. Stout*, 4 Park. C. C. 128: "Whatever fact tends legitimately and fairly, according to the ordinary operation of the human mind and the ordinary principle of human conduct, to show motive, may properly be given in evidence, in proof of any assumed motive for the commission of crime. If the prisoner and Mrs. Littles had not been brother and sister, so that they could not intermarry, no doubt, I think, would have existed on the point. In such case I think it would have been quite apparent that a sufficient motive would have existed in the case, and that it was

proper to show a criminal intimacy between them. It would have been apparent in such case that they might have a motive to get rid of the husband, that they might more safely continue their criminal intercourse." (See, also, *Pierson v. People,* 79 N. Y. 424[1]; *State v. Larkin,* 11 Nev. 328.) While the cases cited are those where the identity of the party who did the killing is a contested fact, still we see no difference in the application of the principle of law here invoked. Where the claim of the defendant upon trial for murder is that the killing was done in self-defense, then a motive for the murder is a circumstance as directly material to establish the case for the state as where the killing by a defendant is itself denied.

Complaint is made that the court committed error in modifying a certain instruction bearing upon the law applicable to dying declarations. We have searched the large record in this case with great care, and find no dying declarations of the deceased to have been introduced before the jury. And for this reason the law given to the jury upon the point was merely abstract, and it is evident upon its face availed nothing either for or against the defendant.

There being no dying declarations of deceased introduced before the jury, the court was entirely justified in refusing to give the instruction asked bearing upon a written dying declaration claimed by defendant to have been in the possession of the prosecution, and which they refrained from introducing in evidence. No oral declaration of deceased being introduced in evidence, the principle sought to be invoked that, when weaker evidence is introduced by a party where stronger evidence is in his possession, the evidence introduced should be viewed with distrust, can have no possible application to the facts of this case. The charge of the court as a whole appears to be full and fair, and no substantial objection to it presents itself.

For the foregoing reasons the judgment and order are affirmed.

Van Dyke, J., Harrison, J., McFarland, J., Temple, J., and Henshaw, J., concurred.

---

[1] 35 Am. Rep. 524.