[Crim. No. 625.   Department One. — May 23, 1901.]

THE   PEOPLE,   Respondent,   v.   CHARLES   HARLAN, Appellant.

CRIMINAL LAW — RAPE — GIRL UNDER AGE OF CONSENT — SUFFICIENCY OF EVIDENCE. — A conviction of rape, committed by sexual intercourse of the defendant with a girl under the age of consent, is sufficiently sustained by evidence showing that the defendant had sexual intercourse with the prosecutrix, and by positive evidence that she was then under sixteen years of age, notwithstanding proof of her declaration, made to a school teacher, indicating that she was over that age when the crime was committed.

ID. — LEADING QUESTION TO PROSECUTRIX — UNCERTAINTY OF ANSWERS — DISCRETION. — It was in the discretion of the court to allow a leading question to be put by the prosecution to the prosecuting witness for the purpose of removing uncertainty as to what she meant by some of her answers.

ID. — EXCLUSION OF QUESTION — ERROR MADE HARMLESS. — Any error in the exclusion of a question asked of the prosecutrix, as to why she did not say anything to a particular person at a saloon, is made harmless by a response to a succeeding question, as to why she did not make complaint to any one she saw at the saloon where such person was.

ID. — IMPEACHMENT OF PROSECUTRIX — UNCHASTE CONDUCT — VISITING HOUSE OF ILL REPUTE. — The prosecutrix cannot be impeached by proof of unchaste conduct, or of specific acts of immorality. She cannot be asked upon her cross-examination whether she visited a house of ill repute with knowledge of its character, nor can the character of such house be proved by other witnesses.

ID. — CONSENT NOT AFFECTING CREDIBILITY — FORCE NOT REQUIRED — FAILURE TO OBJECT IMMATERIAL. — The consent of the prosecutrix, who was under the age of consent, cannot be shown as affecting her credibility. Under a charge of rape, in such case, it is not necessary to establish that the sexual intercourse was had forcibly,

and against the will of the prosecutrix; and the failure of the prosecutrix to object to anything the defendant did is immaterial, and could not avail the defendant.

ID. — PRIOR DECLARATION OF DEFENDANT AS TO INTENTIONS. — A declaration of the defendant, made on the day of the offense, and prior thereto, to a livery-stable man, to the effect that he was procuring a conveyance to go to a place named, to have carnal knowledge of "a little girl," without giving any name, is admissible, to show his intention and purpose, in connection with other proof that defendant, on that day, accomplished his purpose by enticing the prosecutrix into such conveyance, and driving therein with her to the place where the crime was committed.

ID. — SUBSEQUENT DECLARATIONS. — Subsequent declarations of the defendant, made on the evening of the offense, which clearly identify the transaction spoken of by him as the crime with which he is charged, were admissible against him, upon a sufficient showing of the time, place, and circumstances of the declaration.

ID. — DEFENDANT'S CONDITION AS TO SOBRIETY — ADMISSIBILITY OF EVIDENCE — HARMLESS RULING. — Evidence as to the condition of the defendant as to sobriety on the day previous to the offense was inadmissible; and where he testified that he kept up drinking during the day of the offense, but knew what he was doing, the exclusion of evidence as to whether he had been drinking before he got into the buggy is not prejudicial error.

ID. — ARGUMENTATIVE QUESTION — RECOLLECTION OF WITNESS. — A question put to a witness, who had testified to an act done upon a specified date, without knowing on what day of the week it had occurred, as to how the witness could recollect a date so long ago, and could not remember the day of the week, was properly excluded, as being merely matter of argument for the jury.

ID. — MOTION TO STRIKE OUT EVIDENCE ADMITTED WITHOUT OBJECTION. — A motion cannot be entertained to strike out evidence which was responsive to a question not objected to.

ID. — MOTION TO STRIKE OUT TESTIMONY AS TO AGE — WAIVER OF OBJECTION — LETTERS FROM MOTHER TO AUNT. — Where the aunt of the prosecutrix testified to her age, and to her knowledge and recollection of the fact from letters received from her sister, the mother of the prosecutrix, and from other things, without any objection taken to the evidence, all objection to the evidence, as being hearsay or not positive, is waived. A motion to strike out the evidence, as not being positive, goes to its weight rather than to its admissibility, and was properly denied.

ID. — LIMITING CROSS-EXAMINATION. — It is proper for the trial court to place reasonable limits upon the cross-examination of a witness.

ID. — REFUSAL TO DIRECT EXHIBITION IN BUGGY — DISCRETION. — Where the prosecutrix testified on cross-examination as to what occurred in the buggy with the defendant, and described her position, it

CXXXIII. Cal.—2

was not an abuse of discretion to refuse to direct her to repair to the stable with the jury and assume a similar position in a buggy, in their presence.

Id. — Instruction — Distrust of Perjured Witness — Duty of Jury to Scan Closely. — An instruction upon the subject of the distrust of a witness who has willfully sworn falsely as to a material matter, is not affected by an added statement that it " is the duty of the jury to scan closely " and distrust the entire evidence of such witness. It is the duty of the jury to " scan closely " all the evidence placed before them.

Id. — Instruction Embodying Requests Refused. — The defendant cannot complain of an instruction which is in substance the same as those requested by him and rejected by the court.

Id. — Affidavit for Continuance — Admission as to Testimony — Request for Improper Instruction. — Where, upon an affidavit of the defendant for continuance, it was admitted that the witness whose evidence was desired would, if present, testify to the facts set out in the affidavit, an instruction requested by the defendant, that the testimony of such witness was conceded and admitted to be true by the prosecution, was properly rejected, no such concession having been made by the prosecution.

Id. — Instruction — Section of Code. — Upon the trial of a charge for rape, section 263 of the Penal Code may be properly given to the jury as an instruction.

Id. — Validity of Statute Changing Age of Consent — Proper Passage — Conclusive Presumption. — The act of 1897 amending section 261 of the Penal Code so as to change the age of consent, was in fact properly passed and approved, and became a law. But the presumption that the amendment was properly passed, arising from the fact that it was properly enrolled, authenticated, and deposited with the secretary of state, is conclusive, and is not subject to be rebutted or set aside.

APPEAL from a judgment of the Superior Court of Sacramento County and from orders denying a new trial and denying a motion in arrest of judgment. Joseph W. Hughes, Judge.

The facts are stated in the opinion.

William Henley, for Appellant.

Tirey L. Ford, Attorney-General, and C. N. Post, Assistant Attorney-General, for Respondent.

GRAY, C. — The defendant was convicted of rape, charged to have been committed on a girl under the age of consent, and sentenced to a term of forty years in the state prison at

San Quentin. He appeals from the judgment of conviction, from an order denying his motion for a new trial, and from an order denying his motion in arrest of judgment.

1. The verdict of conviction finds ample support in the evidence. That the defendant had sexual intercourse with the prosecutrix in the most brutal manner conceivable is established by the testimony of the prosecutrix, and by the boastful admissions of the defendant made to two different witnesses. This is corroborated by the testimony of a physician as to the condition of the prosecutrix.

That the prosecutrix was, at the date of the crime, under the age of sixteen was testified by herself, her mother, and one aunt, positively. The mother testifies to her daughter's age as being fifteen years on the third day of January, 1899. The testimony of another aunt tends to corroborate the evidence of the prosecutrix as to her age. This evidence was without contradiction, except that it was shown that the prosecutrix had, on the fourteenth day of October, 1895, given her age to a school teacher as thirteen years. The crime of defendant is charged to have been committed in April, 1899. The jury seems to have given credence to the testimony of the witnesses, as against the declaration of the prosecutrix on the question of her age; and as the jurors are the judges of the evidence, we cannot see our way clear to interfere with the verdict.

2. The first objection to evidence urged on this appeal is to a leading question, asked of the prosecutrix by the prosecution, on the ground of its being leading. Leading questions may be allowed on direct examination, in a proper case, in the discretion of the trial court. (*People* v. *Goldenson*, 76 Cal. 328.) There was no abuse of discretion, or error, in allowing the leading question, under the circumstances disclosed by the record. In the field of inquiry pertinent to the main fact sought to be established by the prosecution, the vocabulary of the witness seems to have been limited, and it was uncertain as to what she meant by some of her answers; a leading question removed this uncertainty, and was therefore perfectly proper.

The question as to why she did not say something to Jake Martin at the saloon was answered by the prosecutrix in response to the next succeeding question, as to why she did not make some complaint to anybody she saw at "the saloon where Jake Martin was." This latter question embraced "Jake Martin," and was fully answered. The defendant could

not have suffered any injury by the exclusion of the previous question.

The court sustained objections to several questions asked by defendant's counsel on the cross-examination of the prosecutrix, intended to show that one of the houses that the prosecutrix visited with defendant was of ill repute, and that she knew of its character. It is claimed that the answers to these questions would have tended to test the credibility of the prosecutrix. It was not necessary to show, in this case, that sexual intercourse was had forcibly and against the will of the prosecutrix. The questions were not proper on the ground stated, or on any other ground. The same rule applies to the evidence of other witnesses as to the character of the house. Questions, on cross-examination, tending to show the general immorality of the witness, or specific acts of immorality, should never be allowed in any case for the mere purpose of discrediting or impeaching the witness. (*People* v. *Benc*, 130 Cal. 159; *Sharon* v. *Sharon*, 79 Cal. 673; *People* v. *Hamblin*, 68 Cal. 101.) Nor can the immoral character of a witness, or specific acts of immorality, be shown by independent evidence for the purpose of impeaching a witness. The Code of Civil Procedure (secs. 2051 and 2052) prescribes the method of impeaching witnesses, and they can be impeached in no way other than therein provided. (*People* v. *Johnson*, 106 Cal. 289.)

The court did not err in permitting the stable-keeper, Lafferty, to state a declaration made by the defendant on the day of and prior to the commission of the alleged crime. The declaration was to the effect that he was procuring a conveyance from Lafferty to go to a place named to have carnal knowledge of a "little girl," without giving any idea as to who the girl was. This declaration illustrated the intention and purpose of the defendant, and its relation to the case in hand is apparent, when we consider that the other evidence in the case tends to show that in the afternoon of the same day of the declaration the defendant with false promises enticed the prosecutrix into a conveyance procured from this same stable-keeper, and drove with her to the place where the crime was committed. The fact that the defendant procured the horse and buggy for the purpose of enabling him to have sexual connection with a "little girl" would, in some measure, corroborate the other evidence tending to show that he subsequently accomplished that purpose.

The declarations of defendant to the witnesses Bennett and Stanfield clearly identify the transaction about which he was talking as the crime with which he is here charged. The declarations were therefore properly admitted in evidence against him. The time, place, and circumstances of these declarations were sufficiently shown.

The conversation between Bennett and the defendant was had, according to statements made by defendant in that conversation, in the evening of the day of the crime. The defendant's condition as to sobriety on the day previous to that was immaterial, and evidence as to it was properly excluded.

The objection to the question, on cross-examination of an aunt of the prosecutrix, as follows: "How is it you can recollect a date as long ago as that, and you cannot remember the day of the week?" was properly sustained. The question did not call for a fact, but for an argument in answer to the argument contained in the question. The witness had already stated, on cross-examination, that she went to get her father on the fifth day of April, 1884, and that she did not know on what day of the week that occurred. The counsel should have directed his argument as to the witness's memory to the jury in the regular way, and not through the examination of the witness.

Etonia Diaz testified as follows: "Reta Martin is my niece. Her mother is my sister. I think I know Reta's age.— Q. What is it?— A. I think it is fifteen."

Defendant's counsel here moved "to strike out the answer, as not responsive to the question." No objection was made to the question, and the answer was responsive to the question; the motion was properly denied. Immediately after the disposition of this motion, the witness stated: "She was fifteen in last January. I know that from letters that her mother sent me. . . . After Reta was born, I received letters from her mother every three months. I did not keep them, and I am most sure that Reta Martin's age is fifteen years. I remember Reta is fifteen years, from those letters and other things." No objection was interposed during the giving of the above evidence, but at its conclusion counsel for defendant said: "I move to strike out all the testimony of this witness in regard to the age of Reta Martin, on the ground that there is no positive evidence in regard to it." But there was positive testimony that the witness had received letters from Reta's

mother, and that she knew Reta's age from those letters. An objection that evidence is not positive goes to its weight, rather than to its admissibility. It may be that the evidence should have been excluded on the ground that it was based upon hearsay or was not the best evidence, but neither this court nor the court below is required to pass upon objections that are not made.

It is proper for the trial court to place reasonable limits upon the cross-examination of a witness; and we see no error, and no abuse of discretion, in the action of the trial court in refusing to direct the prosecutrix to repair with the jury to a stable "across the street from the court-house" and place herself in the position in the buggy described by her in her direct examination. On cross-examination the witness fully described the position, stated where her head rested on the horse, and the jury, at the request of defendant, were permitted to inspect the horse and buggy. This was sufficient, and it was not necessary that the witness should assume any position, or point out the spot on the horse where her head rested.

Whether the prosecutrix objected to anything the defendant did was immaterial, for the charge against the defendant proceeds on the theory that she was under the age of consent; therefore her failure to object could not avail the defendant. (*People* v. *Vann*, 129 Cal. 118.) Her consent could not be proved as affecting her credibility, for it was not proper to contradict her upon an immaterial matter. And as already seen, it was not proper to show her want of chastity as affecting her credibility. Besides, the defendant testified without objection that "everything that was done was done with her full consent." This substantially covered the ground of and answered the question to which objection was made and sustained. There was no error, then, in not permitting defendant to testify that the prosecutrix made no "objection to anything that was done there."

The defendant testified: "I kept up a course of drinking all during that day, but I knew what I was doing." There was therefore no prejudicial error (if any error at all) in sustaining the objection to the question asked of the defendant by his counsel: "Now I will take you back for a moment. State whether or not you had been drinking before you got into the buggy."

This disposes of all the material objections and exceptions

to the action of the court in the admission and exclusion of evidence.

3. Nothing worthy of attention herein occurred in the argument of the attorney for the prosecution—so far as the record before us discloses.

4. The court instructed the jury as follows: "The jury is instructed that if they believe that Reta Martin, or any other witness examined during the progress of this trial, has willfully sworn falsely as to any material matter, then it is your duty to scan closely and distrust the entire evidence of such witness." This instruction contains the substance of two instructions requested by the defendant and rejected by the court, with the words, "to scan closely," added by the court. These added words did no harm to the instruction. We think it is the duty of the jury "to scan closely" all the evidence placed before them. The defendant cannot complain of an instruction which is in substance the same as those requested by him.

An instruction drawn on the theory "that the testimony of Ernest Barada was conceded and admitted to be true by the prosecution," was properly rejected by the court, because no such concession was made by the prosecution. In fact, Ernest Barada gave no testimony in the case. An affidavit made by defendant for a continuance was filed at the commencement of the trial, in which what the defendant expected to prove by said Barada was set out, and the prosecution admitted "that Ernest Barada would, if present, testify to the facts set out in the affidavits of Charles Harlan"; to which counsel for defendant replied, "Under such admission I am willing to proceed"; and the trial went on. The above is all the admission in respect to the matter that we have been able to find in the transcript.

There was no error in giving section 263 of the Penal Code as an instruction to the jury.

5. Defendant has reserved for his last point an attack upon the statute under which he is prosecuted. His position is, that the amendment of 1897, raising the age of consent from fourteen to sixteen years, was not legally adopted as a law. The history of the bill by which the said amendment was made, as we glean it from appellant's brief, is as follows: The legislature, at its session of 1897, attempted to amend section 261 of the Penal Code, by raising or increasing the age of consent from fourteen years to sixteen years. The bill purporting

to amend the section was known as "Assembly Bill No. 76." The history of the bill shows that it passed the assembly on February 8, 1897, and was transmitted to the senate, by which body it was amended on February 16, 1897, and as amended it was passed February 19, 1897, and on the same day it was returned to the assembly, which body, without taking action upon the senate amendment, transmitted the bill, on February 24, 1897, to the governor. On February 25th the governor sent a communication to the assembly and senate, directing their attention to the failure to act on the senate amendment. On February 27, 1897, Senate Concurring Resolution No. 9, recalling the bill from the governor, was passed. On March 1, 1897, the assembly received the bill from the governor, and on March 10, 1897, the assembly concurred in the senate amendment, and it was again transmitted to the governor, on March 12, 1897, and was approved by the governor on March 27, 1897.

If it were permissible to thus go into the history of the bill, we should have no hesitancy in saying that the same was properly passed and approved, and became a law; but it appears to be settled in this state that the presumption that the amendment was properly passed, arising from the fact that it was properly enrolled, authenticated, and deposited with the secretary of state cannot be thus rebutted or set aside. (*Sherman* v. *Story*, 30 Cal. 253;[1] *County of Yolo* v. *Colgan*, 132 Cal. 265.)

For the foregoing reasons the judgment and orders appealed from should be affirmed.

Cooper, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and orders appealed from are affirmed.

Garoutte, J., Van Dyke, J., McFarland, J.

--------

[1] 89 Am. Dec. 93.