[Crim. No. 254. First Appellate District.—August 19, 1910.]

## THE PEOPLE, Respondent, v. GUISEPPI CARLO PIA, Appellant.

CRIMINAL LAW — RAPE — EVIDENCE — DECLARATIONS OF DEFENDANT.— Where it appears that the prosecuting witness upon the trial of the defendant for rape was one of two girls employed in a newspaper office, evidence of his declarations to a third person, about a month before the commission of the offense, that he intended to have sexual intercourse with the "girl who works on the 'Marin Journal,'" without giving any name, was admissible to show his intention and purpose, and as tending to corroborate other evidence tending to show that he committed the offense against the person of the prosecutrix, who was one of the two persons within the description employed by him to designate the object of his contemplated attack.

ID.—REMOTENESS OF DECLARATIONS NOT AFFECTING ADMISSIBILITY— PROBATIVE FORCE.—The fact that the declarations were made by the defendant a month before the commission of the offense was a matter which went to its probative force, but not to its admissibility.

ID.—SUFFICIENCY OF AFFIRMATION—ONE OFFENSE CHARGED.—An information alleging that the defendant assaulted the prosecutrix with the intent to accomplish an act of sexual intercourse with her, and by force and violence and against her will he did feloniously accomplish that act, charges but one offense, rape, and the court committed no error in denying a motion in arrest of judgment on the ground that it charges two offenses.

ID.—SUPPORT OF VERDICT.—*Held*, that the evidence is sufficient to support the verdict.

APPEAL from a judgment of the Superior Court of Marin County, and from orders denying a new trial, and denying a motion in arrest of judgment. Thos. J. Lennon, Judge.

The facts are stated in the opinion of the court.

James C. Sims, Leonard Stone, E. B. Martinelli, and Henry Greer, for Appellant.

U. S. Webb, Attorney General, and J. Charles Jones, for Respondent.

KERRIGAN, J.—The defendant was convicted of the crime of rape. He moved for a new trial, which was denied, and he was thereupon sentenced to imprisonment in the state prison for life. His motion in arrest of judgment was also denied, and this appeal is from the orders denying his said motions and from the judgment.

The first point urged in support of the appeal is the admission of certain testimony given by the witness Basilio Calzascia claimed to have been erroneously admitted. Prior to the calling of this witness the evidence introduced showed that at the time of the commission of the offense charged and for some time previously two young women were employed in the office of the "Marin Journal" at San Rafael, one of whom was the prosecutrix, Mary Elizabeth Grapes. In this state of the evidence the witness Calzascia testified, over the objection and exception of defendant, that about a month before the date of the attack charged he overheard two conversations, one between the defendant and Luigi Gamba, and the other between the defendant and a man named Milano; that in the first of these conversations the defendant spoke of the "girl who works for the 'Marin Journal,'" and in the second he said in effect that he intended to have sexual intercourse with her, if not with her consent then by force. Defendant now contends that as the conversations testified to do not clearly show that the prosecutrix was the girl referred to, they had nothing to do with the case and were therefore inadmissible.

This position is untenable. The testimony showed that the defendant intended under certain circumstances to commit the crime of rape on one of two certain women, and it tended to corroborate other evidence in the case to the effect that he committed an offense of this character against the person of the prosecuting witness, who was one of the two persons coming within the description employed by the defendant to designate the object of his contemplated attack. In the case of *People* v. *Harlan*, 133 Cal. 16, [65 Pac. 9], the defendant had declared that he was procuring a conveyance to go to a place named for the purpose of having sexual intercourse with a "little girl," without stating who the girl was. The supreme court, in sustaining the ruling of the trial court admitting this declaration, said: "This declaration illustrated

the intention and purpose of the defendant, and its relation
to the case is apparent when we consider that the other evi-
dence in the case tends to show that in the afternoon of the
same day of the declaration the defendant with false prom-
ises enticed the prosecutrix into a conveyance . . . and drove
her to the place where the crime was committed. The fact
that the defendant procured the horse and buggy for the
purpose of enabling him to· have sexual connection with a
'little girl' would in some measure corroborate other evi-
dence tending to show that he subsequently accomplished that
purpose. ''

In *Massey* v. *State,* 31 Tex. Cr. 371, [20 S. W. 758], speak-
ing on a like subject, the court said: ''The intended victim
need not be named if the subsequent. facts show with reason-
able probability to whom he (defendant) referred, or the
threat was such as to evidence a determination to rape some
person—not a particular one—that night. ''

In *Barnes* v. *State,* 88 Ala. 204, [16 Am. Rep. 48, 7 South.
38], the syllabus (which correctly states the point decided)
is as follows: ''In a prosecution for rape declarations made
by the accused three months before the commission of the
crime, tending to show his desire to have carnal knowledge of
the prosecutrix, as well as his belief that she would not yield
to his wishes, are relevant, as affording to the jury a basis
for inferring that he had gratified his passion in the manner
charged in the indictment.'' (See, also, *Ricks* v. *State,* 48
Tex. Cr. 229, [87 S. W. 345] ; 4 Elliott on Evidence, sec. 3103;
*People* v. *Hayes,* 9 Cal. App. 301, [99 Pac. 389] ; *State* v.
*Hoyt,* 47 Conn. 518, [36 Am. Rep. 89] ; Kerr on Homicide,
462.)

The fact that the declarations were made by the defendant
a month before the commission of the offense was a matter
which went to the probative force of the testimony but not
to its admissibility.

Defendant claims that the information in this case states
two separate public offenses in the ̇ same count, to wit, an
assault with intent to commit rape and the crime of rape.
The information charges that the defendant assaulted the
prosecutrix with the intent to accomplish an act of sexual in-
tercourse with her, and by force and violence and against her
will he did feloniously accomplish that act. It is plain **that**

this information charges but one offense, namely, that of rape, and that the court committed no error in denying the motion in arrest of judgment.

The evidence supports the verdict.

The judgment and orders appealed from are affirmed.

Hall, J., concurred.

COOPER, P. J.—I concur in the judgment. Under our system questions of fact are solely for the determination of the jury, and this court is not at liberty to set aside the verdict of a jury where there is sufficient evidence in law to support it. I have no hesitation, however, in saying that after carefully reading the testimony I have grave doubts as to whether or not the defendant was the party who committed the atrocious crime. The evidence as to his identity is not at all satisfactory, but it satisfied the jury and the trial judge who presided while the witnesses were testifying; and if the defendant is the party the verdict is correct.

It too often happens that in cases of this kind, where public clamor is great, that the jury are influenced by such public clamor and excitement to give a verdict that they would not give under ordinary circumstances. If anything should hereafter transpire by which the defendant's innocence can be established, the remedy is with the executive.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 13, 1910.