[Crim. No. 550.    Third Appellate District.—June 14, 1921.]

## THE PEOPLE, Respondent, v. HENRY HINRICH, Appellant.

[1] CRIMINAL LAW—COMMISSION OF LEWD AND LASCIVIOUS ACTS— CREDIBILITY OF WITNESSES — SUFFICIENCY OF EVIDENCE. — In a criminal action the credibility of witnesses is for the jury in the first instance and for the court on motion for a new trial; and in this prosecution for the commission of lewd and lascivious conduct upon the body of a girl of the age of about eight and a half years the evidence produced by the prosecution, and which was believed by the jury, was amply sufficient to convict.

[2] ID.—RIGHT TO ASK LEADING QUESTIONS.—In this prosecution for the commission of lewd and lascivious conduct upon the body of a girl of the age of about eight and a half years, in view of her age and her embarrassment in relating the sordid story in court, the district attorney was properly permitted to ask leading questions.

[3] ID.—SCENE. OF CRIME—EVIDENCE.—In such a prosecution, it is not error to permit the prosecuting witness to testify that a few days before the trial she pointed out to another witness the place where the crime was committed, and to permit the second witness to testify as to the place she so designated, where the purpose of such testimony is to lay the foundation for the introduction· of measurements made by this second witness of the distance from the place where a fire had been built to the scene of the crime.

APPEAL from a judgment of the Superior Court of Stanislaus County. J. C. Needham, Judge. Affirmed.

The facts are stated in the opinion of the court.

E. S. Bell for Appellant.

U. S. Webb, Attorney-General, and J. Chas. Jones, Deputy Attorney-General, for Respondent.

FINCH, P. J.—Appellant was convicted of the crime of lewd and lascivious conduct upon the body of a girl of the age of about eight and a half years. He bases his appeal upon two grounds:

"1. That the evidence is insufficient to support the verdict. 2. That the court erred in overruling the objections of the defendant to the admission of certain evidence."

[1] The evidence shows that the defendant and the prosecuting witness, together with another girl of about the same age and a little boy of four years, went from Oakdale on a Sunday afternoon to a place called "the slides," near which there is an irrigating ditch, then dry. For a time the children amused themselves sliding down the embankment and then a fire was started, all gathering fuel. The defendant and the prosecuting witness, leaving the other children at the fire, walked for some distance along the ditch bringing fuel for the fire on their return, and it was during this absence that the alleged crime was committed. The prosecuting witness testified in detail to the effect that the defendant placed his coat in the bottom of the ditch, had her lie down upon it and unbutton her drawers, then unbuttoned his pants, lay down upon her, and proceeded to the point of sexual emission, and that he then gave her fifty cents and cautioned her not to tell her parents. The other little girl testified that when the prosecuting witness returned to the fire the latter told her what the defendant had done and showed her the fifty cents he had given her. The defendant denied any wrongful conduct and also denied giving the girl any money. The evidence produced by the prosecution, if believed by the jury, was amply sufficient to convict. The credibility of witnesses is for the jury in the first instance and for the court on motion for a new trial.

[2] General objection is made that the district attorney was permitted to ask leading questions of the prosecuting witness, but no particular ruling is pointed out as error, and an examination of the record fails to disclose any error in this regard. In view of the age of the girl and her embarrassment in relating the sordid story in court, it was

necessary for the district attorney to resort to leading questions in parts of his examination. If the course pursued is not permissible in the prosecution of such crimes, then offenders against little children will usually go unpunished. Leading questions may be permitted in the sound discretion of the court. (*People* v. *Clary,* 72 Cal. 60, [13 Pac. 77]; *People* v. *Harlan,* 133 Cal. 16, [65 Pac. 9]; *People* v. *Brown,* 130 Cal. 591, [62 Pac. 1072]; *People* v. *Ah Fook,* 64 Cal. 380, [1 Pac. 347]; *People* v. *Goldenson,* 76 Cal. 328, [19 Pac. 161]; *People* v. *Fong Ah Sing,* 70 Cal. 8, [11 Pac. 323].) Safeguards against unjust convictions must be found in the conscientious discharge of their duties by trial judges and prosecuting officers, duties in which such officers seem not to have been remiss in this case.

[3] Objection is made that the court permitted the prosecuting witness to testify that a few days before the trial she pointed out to another witness the place where the crime was committed and that the second witness was allowed to testify as to the place she so designated. The evident purpose was to lay the foundation for the introduction of measurements made by this second witness of the distance from the place where the fire was built to the scene of the crime. For that purpose the evidence was clearly admissible.

No error appearing in the record, the judgment appealed from is affirmed.

Burnett, J., and Hart, J., concurred.