[Crim. No. 1649. Second Appellate District, Division One.—June 2, 1928.]

THE PEOPLE, Respondent, v. FRANK MALONEY, Appellant.

Theodore Gottsdanker for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

WOOD (W. J.), J., *pro tem.*—Defendant was tried by a jury and convicted of the crime of robbery. On the night of December 18, 1927, two men entered the room of one Romolo Leon and aroused him from his sleep. One of them carried a revolver which he held against Leon's stomach. Leon was robbed of the sum of $74 and a watch and chain,

a $50 bill being part of the money taken. The next morning Leon recognized the defendant in a barber-shop as one of the robbers and called the police. At the trial he positively identified defendant as the man who had held the revolver. Officer Steventon testified that the defendant admitted to him that he was with a man who "cashed" a $50 bill at a store after the robbery; that defendant stated that he did not know the name of the man who "cashed" the bill.

The defendant was sworn as a witness and on cross-examination was asked whether or not he had been convicted of a felony, to which he replied in the negative. Thereupon the court received in evidence what counsel for defendant terms "a certified copy of action No. 29736, in which the defendant was sentenced to Ione." The document was in fact a certified copy of the commitment of the defendant to the Preston School of Industry, in which it is recited that defendant had "pleaded guilty in the Superior Court of the State of California, in and for the County of Los Angeles, of an offense of violating section 146 California Vehicle Act, a felony, as charged in the information." Defendant now contends that the court erred in admitting this document in evidence. The attorney-general has filed a brief in which he concedes that error was committed, but asks this court to refuse a reversal on the ground that defendant was not prejudiced thereby. He insists that the evidence so conclusively established defendant's guilt that there has been no miscarriage of justice. In conceding error the attorney-general cites the cases of *People* v. *Hoffman,* 199 Cal. 155 [248 Pac. 504], and *People* v. *Adams,* 76 Cal. App. 178 [244 Pac. 106]. The facts in those two cases were very different from the facts in the case at bar. In the Hoffman case the record of the juvenile court was held to be erroneously admitted for the reason that the proceedings in that court are not penal in their character. In the Adams case the error consisted in the admission of evidence showing that defendant had been committed to the Whittier Industrial School at the age of thirteen years. In neither case could it be said that defendant had been convicted of a felony. The commitment which was admitted in evidence in the case now before us did not issue in a proceeding in the juvenile court. Defendant had pleaded guilty to a vio-

lation of section 146 of the Motor Vehicle Act. In this section certain acts are described, followed by the statement that anyone guilty thereof "shall be deemed guilty of a felony." In *People* v. *Ward*, 134 Cal. 301 [66 Pac. 372], a witness was asked upon cross-examination whether he had been convicted of a felony. It was shown that the witness had been found guilty by a verdict of the jury, but had not been sentenced. The court said: "It is contended that at the time the witness testified he had not been 'convicted of a felony'; that to sustain the ruling of the court, it must be assumed, as a matter of law, that the verdict of guilty constituted a 'conviction.' That such verdict does constitute a conviction, within the ordinary as well as the technical meaning of the word, seems to be well settled." (*People* v. *Kepford*, 52 Cal. App. 508 [199 Pac. 64].) (Section 2051 of the Code of Civil Procedure provides that a witness may be impeached by "the record of the judgment, that he has been convicted of a felony." In accordance with this section the proper procedure would have been for the district attorney to present the judgment itself rather than the commitment wherein the plea of guilty is set forth. We think, however, that the criticism is only technical and that the defendant was not prejudiced by the admission in evidence of the commitment.

■ Defendant is charged in the information with having committed robbery by taking certain property from "Leon Ramola." The court instructed the jury that if they found that defendant feloniously took the property from "Ramolo Leon" by means of force or fear, they should find defendant guilty. Defendant now contends that the instruction was erroneous and that defendant could not be found guilty unless it was shown that he robbed a person named "Leon Ramola." The record discloses that when the prosecuting witness was sworn he gave the name of Ramolo Leon and that the defendant did not at that time or at any other time make any objection to his testimony on the ground of variance, or call the attention of the court to the error of the district attorney in stating in the information that the witness robbed was named Leon Ramolo. Doubtless if this matter had been brought to his attention the district attorney would have sought and obtained permission to amend the information. We are of the opinion

that defendant did not suffer any injury by the error complained of and that there has been no miscarriage of justice on this account.

■ Defendant complains of the refusal of the court to give the following instruction: "The court instructs the jury that evidence has been introduced to show the defendant made certain admissions appearing in evidence. Verbal statements or admissions should be received by you with great caution, as they are subject to much imperfection and mistake, owing to the person speaking not having clearly expressed his own meaning, or the person spoken to not having clearly understood the speaker. It frequently happens, also, that the witness, by unintentionally altering a few words or expressions really used, gives an effect to the statement entirely at variance with what the speaker actually did say. But when such verbal statements are precisely given, and identified by intelligent and reliable witnesses, they are often entitled to great credit." No evidence was introduced showing an admission on the part of defendant unless it be found in the testimony of officer Steventon, who stated that defendant had told him he was with a party who had "cashed" a $50 bill. It cannot be said that the court erred in refusing to give this elaborate and somewhat argumentative instruction in regard to extrajudicial admissions in view of the paucity of testimony on the subject.

We cannot say that there has been a miscarriage of justice in this case.

The judgment and order denying a new trial are affirmed.

Houser, Acting P. J., and York, J., concurred.