[Crim. No. 25.   Fourth Appellate District.—April 7, 1930.]

THE PEOPLE, Respondent, v. GRANT GOODWIN,
Appellant.

H. Wenzlaff for Appellant.

U. S. Webb, Attorney-General, and John D. Richer, Deputy Attorney-General, for Respondent.

MARKS, Acting P. J.—On December 16, 1929, the district attorney of San Bernardino County filed an information in the Superior Court charging appellant and Julian Hacker with the crime of burglary. Hacker entered a plea of guilty and appellant went to trial upon his plea of not guilty. The jury found appellant guilty of burglary in the second degree.

On November 26, 1929, the office of the Shell Oil Company of California, situated in the town of Narod in San Bernardino County, California, was burglarized and a safe containing about $130 in cash was removed therefrom. The safe was later found in a wash about two miles from the place of the burglary. It had been broken open and all the money except 25 cents removed therefrom. The office building containing the safe was entered through a window, the screen from which had been torn off and the window forced open. The front door had been broken open and the safe apparently rolled or carried out through it. Footprints were found outside of the window and also near the place where the safe was found. A detailed examination of them disclosed that there was a small triangle and the word "Revere" on both heels, and on that portion of the print made by

the heel of the shoe worn on the left foot was an impression showing a defect in the rubber where it had either been worn or torn near one corner of this heel. At the time of his arrest appellant was wearing a pair of shoes that made tracks identical in shape and appearance with those found, even to the defect in the heel of the left shoe. Prints from these shoes were compared with the prints on the ground by having the appellant place his feet encased in these shoes in the dirt adjoining these tracks outside of the window of the office. After his arrest and subsequent to his making the second set of tracks outside of the window of the burglarized office the police officers took the shoes from appellant and it was then found that he had attempted to obliterate the name "Revere" and the triangle from the heels. Upon being asked why he attempted this, he replied, "Well, you had my prints out there at the job and I thought I had better get rid of them while I had a chance." An automobile was found which appellant admitted he had been using for several days before the burglary with one Bob Herron, and in it was found a piece of steel the end of which fitted into an impression made on the safe where the door had been pried open. White powder was found on the end of the steel tool and also on the door of the safe.

Hacker was called as a witness for appellant. He testified that he, Bob Herron and a man named Blanke had committed the burglary and that appellant did not have any part in the crime. Shortly after his arrest and before the trial, Hacker confessed his guilt to officers of San Bernardino County, and the confession was taken down by a shorthand reporter. In it he stated that appellant, together with Robert Herron and the witness Hacker, went to the office of the Shell Oil Company of California in the automobile we have mentioned; that Herron forced open the window and pushed the safe out the door of the office and that the three of them loaded it into the automobile and took it to the place where it was found. It was then broken open and the money divided among Hacker, Herron and appellant.

■ Appellant complains of the use of this confession in impeaching Hacker. Hacker was produced as a witness for appellant and respondent was entitled to impeach his testimony by the use of his contradictory statements. (Sec. 2052, Code Civ. Proc.) The statements made to the reporter

and officers in the confession certainly tended to impeach Hacker's testimony that appellant was not present at the time of the burglary and did not participate in the commission of the crime. These statements were properly admitted in evidence.

Appellant's defense consisted of an alibi. He claimed that he was at the home of his brother at the time the burglary was committed. This defense was supported by the testimony of the brother, Pat Goodwin. In cross-examination of this witness the district attorney sought to impeach him by asking if he had ever been convicted of a felony, to which question Pat Goodwin answered that he had not. The district attorney then asked the witness if it were not true that on or about the eighteenth day of September, 1923, in Los Angeles, California, he had been convicted of the crime of grand larceny and sentenced to serve a term of imprisonment at the Preston School of Industry at Ione, to which the witness replied that it was true. After the answer to the question had been given counsel for appellant, without moving to strike it out for the purpose of objection, objected to the question as irrelevant, incompetent and imma-, terial, for the reason that a sentence to Ione would not be a felony and therefore that the question was not proper for impeachment. The last ruling of the appellate court that we have been able to find upon the propriety of a question of this nature is found in the case of *People* v. *Maloney,* 92 Cal. App. 371 [268 Pac. 472], in which the court held as follows:

"The defendant was sworn as a witness and on cross-examination was asked whether or not he had been convicted of a felony, to which he replied in the negative. Thereupon the court received in evidence what counsel for defendant terms 'a certified copy of action No. 29736, in which the defendant was sentenced to Ione.' The document was in fact a certified copy of the commitment of the defendant to the Preston School of Industry, in which it is recited that defendant had 'pleaded guilty in the Superior Court of the State of California, in and for the County of Los Angeles, of an offense of violating section 146, California Vehicle Act, a felony, as charged in the information.' Defendant now contends that the court erred in admitting this document in evidence. The attorney-general has filed a brief

in which he concedes that error was committed, but asks this court to refuse a reversal on the ground that defendant was not prejudiced thereby. He insists that the evidence so conclusively established defendant's guilt that there has been no miscarriage of justice. In conceding error the attorney-general cites the cases of *People* v. *Hoffman,* 199 Cal. 155 [248 Pac. 504], and *People* v. *Adams,* 76 Cal. App. 178 [244 Pac. 106]. The facts in those two cases were very different from the facts in the case at bar. In the Hoffman case the record of the Juvenile Court was held to be erroneously admitted for the reason that the proceedings in that court are not penal in their character. In the Adams case the error consisted in the admission of evidence showing that defendant had been committed to the Whittier Industrial School at the age of thirteen years. In neither case could it be said that defendant had been convicted of a felony. The commitment which was admitted in evidence in the case now before us did not issue in a proceeding in the Juvenile Court. Defendant had pleaded guilty to a violation of section 146 of the Motor Vehicle Act. In this section certain acts are described, followed by the statement that any one guilty thereof 'shall be deemed guilty of a felony.' In *People* v. *Ward,* 134 Cal. 301 [66 Pac. 372], a witness was asked upon cross-examination whether he had been convicted of a felony. It was shown that the witness had been found guilty by a verdict of the jury, but had not been sentenced. The court said: 'It is contended that at the time the witness testified he had not been "convicted of a felony"; that to sustain the ruling of the court, it must be assumed, as a matter of law, that the verdict of guilty constituted a "conviction." That such verdict does constitute a conviction, within the ordinary as well as the technical meaning of the word, seems to be well settled.' (*People* v. *Kepford,* 52 Cal. App. 508 [199 Pac. 64].) Section 2051 of the Code of Civil Procedure provides that a witness may be impeached by 'the record of the judgment, that he has been convicted of a felony.' In accordance with this section the proper procedure would have been for the district attorney to present the judgment itself rather than the commitment wherein the plea of guilty is set forth. We think, however, that the criticism is only technical and that the

defendant was not prejudiced by the admission in evidence of the commitment.''

In view of this decision we hold that the question and answer was not prejudicial to the defendant. The rule announced in the foregoing case gains added force here since it appears from the transcript that the evidence of appellant's guilt was conclusive and permitted no doubt of the correctness of the verdict.

Judgment affirmed.

Barnard, J., and Beaumont, J., *pro tem.*, concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 5, 1930.