[Crim. No. 2434. Second Appellate District, Division One.—August 22, 1933.]

In the Matter of the Application of WILLIAM A. BORAH for a Writ of Habeas Corpus.

John F. Groene for Petitioner.

Buron Fitts, District Attorney, and Tracy Chatfield Becker, Deputy District Attorney, for Respondent.

CONREY, P. J.— In a criminal action, *People* v. *Borah,* petitioner pleaded guilty of the crime of violation of section 146 of the California Vehicle Act, a felony, and admitted prior conviction of a felony for which he had served a term of imprisonment. By the judgment pursuant to which petitioner is now held in custody, it was ordered that the defendant pay a fine of $1500, or in lieu of such payment, that he be imprisoned in the county jail of the county of Los Angeles at the rate of one day for each two dollars of said fine not paid.

In default of payment of the fine, petitioner has been confined in the county jail ever since September 16, 1932.

He contends that under such sentence the limit of his lawful imprisonment was six months, and therefore that he is now entitled to discharge from custody. In support of this contention he relies upon the provisions of sections 146, 153 and 153½ of the California Vehicle Act, and sections 17 and 19 of the Penal Code. Section 17 of the Penal Code provides that when a crime, punishable by imprisonment in the state prison, is also punishable by fine or imprisonment in a county jail, in the discretion of the court, it shall be deemed a misdemeanor for all purposes after a judgment imposing a punishment other than imprisonment in the state prison. And section 19 provides that "except in cases where a different punishment is prescribed by this code, every offense declared to be a misdemeanor is punishable by imprisonment in a county jail not exceeding six months, or by a fine not exceeding five hundred dollars, or by both".

The foregoing sections of the Penal Code state a general rule, without specifying the particular crimes to which they apply. Section 146 of the California Vehicle Act, on the other hand, describes the particular offense of which petitioner herein was found guilty, and declares that one who commits such offense "shall be deemed guilty of a felony". Section 153 of the same act declares that "it shall be unlawful and constitute a misdemeanor for any person to violate any of the provisions of this act *unless such violation is by this act or other law of this state declared to be a felony*". It is further provided therein, section 153(d), that "unless another penalty is in this act or by the laws of this state provided, every person convicted of a felony for a violation of the provisions of this act shall be punished by a fine of not less than one thousand dollars nor more than five thousand dollars or by imprisonment in the state penitentiary for not less than one nor more than five years, or by both such fine and imprisonment". Section 153½ of said act reads as follows: "A judgment that the defendant pay a fine for any violation of this act may also direct that he be imprisoned until the fine be satisfied. But the judgment must specify the extent of the imprisonment, which must not exceed one day for every two dollars of the fine, nor extend in any case beyond the term for which the defendant might be sentenced to imprisonment for the offense of which he has been convicted."

By comparison of the judgment with the foregoing provisions of the California Vehicle Act, it will be seen that the imposition of a fine in the sum, of $1500, with the alternative of imprisonment at the rate of one day for every two dollars of fine, is directly authorized by that law. We think that the case is not controlled by the provisions of sections 17 and 19 of the Penal Code; but, on the contrary, is controlled by the provisions of the California Vehicle Act, which specifically provide a stated punishment for violations of that act, and which were enacted at a later date than said sections of the Penal Code.

Petitioner also relies upon the provisions of section 153(c) of said California Vehicle Act, reading as follows: ''Unless another penalty is in this act, or by the laws of this state provided, every person convicted of a misdemeanor for the violation of the provisions of this act shall be punished by a fine not to exceed five hundred dollars or imprisonment in the county jail for not to exceed six months, or by both such fine and imprisonment.'' But it will be seen by subdivision (d) of the same section, as above quoted, that another penalty *is* provided in said act, and for that reason said subdivision (c) is not applicable to the instant case.

Petitioner is remanded to custody.

Houser, J.; and York, J., concurred.