[Crim. No. 3644. In Bank.—August 24, 1933.]

In the Matter of the Application of JOSEPH MILLER for a Writ of Habeas Corpus.

Gladys Towles Root for Petitioner.

U. S. Webb, Attorney-General, and William F. Cleary, Deputy Attorney-General, for Respondent.

WASTE, C. J.—Application for writ of *habeas corpus.*

Petitioner entered a plea of guilty to a charge of taking an automobile without the consent of the owner, a felony, in violation of section 146 of the California Vehicle Act. (Deering's Gen. Laws, 1931, p. 2523.) He was sentenced to pay a fine of $5,000 with an alternative of imprisonment in the county jail until the fine be satisfied, the court allowing a credit toward the payment of such fine of $2.74 for each day of imprisonment. In the event of nonpayment of the fine this will necessitate petitioner's incarceration in the county jail for a period of five years. He has now served

in excess of thirteen months and urges that by reason of the provisions of section 17 of the Penal Code, the imposition of a fine characterized his offense as a misdemeanor and that under section 153c of the California Vehicle Act, *supra*, the maximum period of confinement for a violation of the act amounting to misdemeanor is, in the absence of other provisions to the contrary, six months.

▇ We cannot accept petitioner's theory. Under section 146 of the act the driving or taking of an automobile without the owner's consent, to which charge petitioner entered a plea of guilty, is declared to be a felony. In the absence of a contrary provision, every person convicted of a felony for a violation of the provisions of the act, "shall be punished by a fine of not less than $1,000 nor more than $5,000, or by imprisonment in the state penitentiary for not less than one nor more than five years, or by both such fine and imprisonment". (Sec. 153d.) Section 153½ of the act declares that "A judgment that the defendant pay a fine for *any* violation of this act may also direct that he be imprisoned until the fine be satisfied. But the judgment must specify the extent of the imprisonment, which must not exceed one day for every two dollars of the fine nor extend in any case beyond the term for which the defendant might be sentenced to imprisonment for the offense of which he has been convicted."

In view of these several sections there can be no doubt as to the propriety of the trial court's action in imposing a $5,000 fine on petitioner with alternative imprisonment of one day for each $2.74 of such fine unpaid. Nonpayment of the fine would not result in petitioner's incarceration for a longer period than that specified for such offense, viz., five years.

▇ We find nothing in section 17 of the Penal Code opposed to this conclusion. That section provides in part that "when a crime, punishable by imprisonment in the state prison, is also punishable by fine or imprisonment in a county jail, in the discretion of the court, it shall be deemed a misdemeanor for all purposes after a judgment imposing a punishment other than imprisonment in the state prison". In *Doble* v. *Superior Court,* 197 Cal. 556, 576, 577 [241 Pac. 852], we held, in effect, that the quoted provision had a prospective operation. It is only for purposes subsequent to

judgment, if a fine or county jail sentence be imposed, that the offense is deemed to be a misdemeanor. Any other conclusion would nullify section 153d of the act, authorizing the imposition of a fine of not less than $1,000 nor more than $5,000, for if, as petitioner urges, the imposition of a fine immediately and for all purposes characterizes the offense as a misdemeanor, the fine could not exceed $500 under section 153c, which section specifies the penalty for misdemeanors under the act. Such construction of the act is unreasonable and not required by the authorities.

The offense to which petitioner entered his plea of guilty is designated in the statute as a felony. It remained such until the court had completed the rendition of judgment and inasmuch as the judgment imposed was one authorized by the act there can be no successful attack upon its validity. In other words, the offense not being a misdemeanor at the time judgment was pronounced, the court was empowered to impose any judgment consistent with sections 153d and 153½ of the act. The judgment here in question complies with these sections.

The writ is discharged and petitioner is remanded.

Preston, J., Seawell, J., Langdon, J., Shenk, J., and Spence, J., *pro tem.,* concurred.

Rehearing denied.