[Crim. No. 2836.  Second Appellate District, Division Two.—February 24, 1936.]

In the Matter of the Application of VICTOR MARTIN BELLOTTI for a Writ of Habeas Corpus.

U. S. Webb, Attorney-General, Frank Richards, Deputy Attorney-General, Buron Fitts, District Attorney, and Jere J. Sullivan, Deputy District Attorney, for Appellant.

Frederic H. Vercoe, Public Defender, and William B. Neeley, Deputy Public Defender, for Respondent.

GOULD, J., *pro tem.*—Victor Martin Bellotti, petitioner and respondent herein, pleading guilty to a violation of section 146 of the California Vehicle Act, was sentenced by the superior court to pay a fine of $5,000, or, defaulting in such payment, to be "punished by imprisonment in the county jail" at the rate of one day for each $3 of such fine not paid. Failing to pay the fine, petitioner went to jail, remained there one year and then brought the within *habeas corpus* proceeding to procure his release. In the lower court he was successful; the writ was granted and petitioner was ordered discharged. From that order the People appeal.

▉ Section 146 of the California Vehicle Act at the date of petitioner's plea of guilty denounced as a felony the taking of a vehicle without the consent of the owner. The penalty for conviction of a felony was fixed by section 153d thereof as a fine of not less than $1,000 nor more than $5,000, or by imprisonment in the state penitentiary for not less than one nor more than five years, or by both such fine and imprisonment; and section 153½ of the same act provided that "a judgment that a defendant pay a fine . . . may also direct that he be imprisoned until the fine be satisfied. But the judgment must specify the extent of the imprisonment, which must not exceed one day for every two dollars of the fine".

Relying upon section 17 of the Penal Code, defining a felony, and section 19a, limiting a county jail sentence to one year, and reported cases such as *People* v. *Sacramento Butchers' Assn.*, 12 Cal. App. 471 [107 Pac. 712], respondent contends that he may not be held in confinement in the county jail for any period longer than one year. But he loses sight of the sections of the California Vehicle Act above referred to, which specifically denominate as a felony the offense to which he pleaded guilty and fix and determine the punishment therefor. That section 17 of the Penal Code is not at variance with this conclusion is held in *In re Miller*, 218 Cal. 698 [24 Pac. (2d) 766]; and the recent case of *In re Marquez*, 3 Cal. (2d) 625 [45 Pac. (2d) 342], determines that section 19a of the Penal Code applies only to misdemeanors, and therefore cannot be relied upon by respondent here.

Under authority of the provisions of the California Vehicle Act as interpreted in the cases of *People* v. *Acosta,* 115 Cal. App. 103 [1 Pac. (2d) 43], *In re Borah,* 134 Cal. App. 14 [24 Pac. (2d) 841], and *In re Miller, supra,* it is apparent that the writ should not have been granted herein, because respondent was convicted of a felony and not a misdemeanor.

Order reversed and petitioner remanded to the custody of the sheriff.

Wood, J., and Crail, P. J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 24, 1936, and the following opinion then rendered thereon:

THE COURT.—In denying the petition for a hearing in this case, after decision by the District Court of Appeal, Second District, Division Two, we do not wish to be understood to be passing upon the question of whether the imposition of a fine, with the alternative of imprisonment in the county jail until the fine is satisfied, had the effect of reducing the offense from that of felony to misdemeanor. That point is not necessarily involved in this proceeding.