[Crim. No. 2914. Second Appellate District, Division Two.—December 31, 1936.]

THE PEOPLE, Respondent, v. EUGENE TRIMBLE, Appellant.

Frederic H. Vercoe, Public Defender, and William B. Neeley, Deputy Public Defender, for Appellant.

U. S. Webb, Attorney-General, and John O. Palstine, Deputy Attorney-General, for Respondent.

McCOMB, J., *pro tem.*—This is an appeal from a judgment containing a finding by the trial court that defendant had previously been convicted of a felony after defendant's plea of guilty of violation of section 503 of the Vehicle Code.

The facts so far as material are these:

Prior to defendant's plea of guilty to violation of section 503 of the Vehicle Code, he had been convicted of violation of section 146 of the California Vehicle Act, for which offense he was sentenced to pay a fine of $1,095.

██ This is the sole question presented for our determination:

*Does the imposition of a penalty other than imprisonment in the state prison for violation of section 146 of the California Vehicle Act constitute the offense a misdemeanor for all purposes thereafter, since it is expressly provided that a person who commits the acts prohibited by the section "shall be deemed guilty of a felony"?*

This question must be answered in the affirmative. The characterization given a penalized act by the legislature is immaterial in determining whether or not it is a misdemeanor or a felony, the sole test being the nature and extent of the punishment imposed. (*People* v. *Sacramento Butchers' Assn.*, 12 Cal. App. 471, 489 [107 Pac. 712].) If the punishment imposed is other than death or imprisonment in the state prison, the penalized act is for all purposes thereafter deemed a misdemeanor. (Sec. 17, Penal Code.) In the present case the punishment imposed upon defendant for violation of section 146 of the California Vehicle Act was other than imprisonment in the state prison and, therefore, for all purposes subsequent to the judgment, the offense must be considered a misdemeanor.

We are aware of the language in certain cases, such as in *In re Gohlke*, 72 Cal. App. 536 [237 Pac. 779] , *In re Borah*, 134 Cal. App. 14 [24 Pac. (2d) 841], and *People* v. *Maloney*,

92 Cal. App. 371 [268 Pac. 472], which would indicate that a different conclusion on this question had been reached by the court. However, these cases are all distinguishable from the instant case upon their facts and were rendered prior to the decision by our Supreme Court of *In re Miller,* 218 Cal. 698 [24 Pac. (2d) 766]. The latter opinion coupled with the Supreme Court's comment in denying a rehearing of the case *In re Bellotti,* 12 Cal. App. (2d) 103, 105 [54 Pac. (2d) 1115, 55 Pac. (2d) 864], clearly indicates that the law in California is as we have stated above.

The judgment and finding of the trial court that the defendant had previously been convicted of a felony are reversed and the case is remanded with instructions to proceed in accordance with this opinion.

Crail, P. J., and Wood, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 28, 1937.