[Crim. No. 2926.  Second Appellate District, Division One.—March 13, 1937.]

THE PEOPLE, Respondent, v. ROBERT F. ROWLAND, Appellant.

Frederic H. Vercoe, Public Defender, and William B. Neeley, Deputy Public Defender, for Appellant.

U. S. Webb, Attorney-General, and John O. Palstine, Deputy Attorney-General, for Respondent.

HOUSER, P. J.—By the terms of an information that was filed against him, in count I thereof defendant was accused of the commission by him of the crime of grand theft; and by count II of the said information he was likewise accused of the violation by him of the provisions of section 503 of the Vehicle Code. In the same information it was charged that before either of such offenses had been committed defendant had been "convicted of . . . a felony". On the trial of the action the charge contained in count I was dismissed; defendant pleaded "guilty" as to the accusation that was preferred against him in count II; and thereupon waived trial by jury on the charge of "prior conviction of a felony". Following a stipulation that was entered into by respective counsel regarding all facts pertinent to the issue, the trial court found defendant guilty as to the last-mentioned accusation. Defendant's motion for a new trial was denied; whereupon judgment was rendered as for conviction of the felony described in count II, with "prior conviction of a felony". It is from such judgment, as well as from the order by which his motion for a new trial was denied, that defendant has appealed to this court.

It is undisputed that prior to his conviction of the offense specified in the second count of the information, defendant had been convicted of the offense expressly designated as a *felony* under the provisions of section 146 of the California Vehicle Act. But by reason of the fact that in punishment for the commission of that crime the judgment that was rendered against defendant provided that he pay a fine of $1,080, or in default thereof, that he serve a specified term in the county jail, and in connection therewith, in view of the statutory definition (sec. 17, Pen. Code) of what constitutes a felony, to wit, that a felony is a crime which is punishable with death or by imprisonment in the state prison, and that every other crime is a misdemeanor,—it is contended by appellant that defendant was not convicted of a former felony, but of a misdemeanor only.

Were the question thus suggested new to the courts of this state, a discussion of the law deemed applicable thereto might

be interesting. But it happens that in the case of *People* v. *Trimble,* 18 Cal. App. (2d) 350 [63 Pac. (2d) 1173], in a situation practically identical with that here presented, it was held that the defendant therein had not suffered a prior conviction of a felony. A petition to the Supreme Court for a hearing of that case was denied. In such circumstances, and especially in consideration of the situation that, because the question upon which the Supreme Court acted constituted an "important question of law" (sec. 6, rule XXX, Supreme Court), had the Supreme Court doubted the correctness of the legal conclusion which theretofore had been reached by the District Court of Appeal, it very appropriately might have granted a hearing,—if not controlling in subsequent decisions thereafter to be rendered by the courts of this state on the identical question, the judgment which was rendered in the cited case must be considered as "most persuasive".

In reliance upon the correctness of the ruling in the case to which attention has been directed, it is ordered that the judgment and the order by which the motion for a new trial was denied be, and they are, reversed. But in consideration of the stipulation of the parties which embraced all facts that were pertinent to the issue respecting the question of law as to the former offense that concededly was committed by defendant, it becomes unnecessary that any formal new trial he had as to such issue. Instead thereof, on the stipulated facts regarding the issue of whether prior to the date when the information was filed against defendant he had been convicted of a felony, it is ordered that it be adjudged by the trial court that defendant had not been so convicted; that thereupon defendant be arraigned for sentence, and that judgment be pronounced against him as for, and solely on account of, his conviction on count II of the information.

York, J., and Doran, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 12, 1937.