[Crim. No. 6083.   Second Dist., Div. Three.   June 9, 1958.]

THE PEOPLE, Respondent, v. JOHN DONALD KELLEY, Appellant.

Warner, Peracca & Cowan and James O. Warner for Appellant.

Edmund G. Brown, Attorney General, and Jack E. Goertzen, Deputy Attorney General, for Respondent.

WOOD (Parker), J.—By information defendant was accused, in two counts, of the crime of indecent exposure in violation of section 311, subdivision 1, of the Penal Code, with a prior conviction of said section and subdivision, a felony. It was also alleged in the information that on September 6, 1955, before the commission of the offense set forth herein, the defendant was convicted of the crime of indecent exposure in violation of section 311, subdivision 1, of the Penal Code, with a prior conviction of violation of section 311, subdivision 1, of the Penal Code, a felony. Further reference to this allegation of prior conviction will be made later herein. In a trial by jury he was found not guilty as to the first count, and was found guilty as to the second count. Probation was granted. He appeals from the judgment on the second count, and from the order denying his motion for a new trial.

Appellant asserts that the deputy district attorney was guilty of prejudicial misconduct, and that the court erred in overruling appellant's objection to certain testimony.

Stephanie, a girl about 8 years of age, testified that she and Rosa (a girl about 9 years of age) were neighbors in Burbank; in August, 1956, about 5 p.m., she and Rosa went from the back yard of Rosa's home into an alley at the back of the yard, where they intended to ride their bicycles; after they were in the alley, an automobile came down the alley and they turned into a driveway (apparently a driveway to a garage) to let the automobile pass them; the automobile stopped and "blocked" them in between a wall and a fence—a garage was behind them; a man was alone in the automobile; when they tried to get out of that place (where they were blocked), by going behind the automobile, the man would back the automobile, and when they tried to get out by going forward he would move the automobile forward; the man said to them,

"When I get too hot I take off my pants"; she could see in the automobile window; she could see the man holding his privates parts in his hand; the girls tried again to get away; they turned the bicycle wheels as if they were going forward then they went to the back of the automobile and got away; they went around (to the street in front of Rosa's house), entered the house, and told Rosa's mother; when Stephanie went to her own home she told her father and mother what had happened; the automobile in which the man was riding was a Cadillac, and it was cream colored on the bottom and green on top; the man had sideburns; about half an hour after she saw the man in the automobile, two officers came to Stephanie's home; in October, a number of weeks after she saw the man in the automobile, an officer brought about five pictures to Stephanie's school and she selected a picture of the man whom she had seen in the automobile; the man she saw in the automobile is the man at the end of the table in the courtroom (indicating the defendant).

Rosa's testimony was in substance the same as the testimony of Stephanie with respect to the occurrences in the alley and at Rosa's home. Rosa testified further that she did not remember when the incident happened other than it happened in the afternoon; the automobile was dark green on top and very light green on the bottom; after the occurrence in the alley, officers came to her house and showed about four pictures to her, and she selected one of the pictures; the picture she selected was a picture of the defendant; she did not remember when it was that the pictures were shown to her, but she did remember it was after school had started; the defendant is the man who was driving the automobile in the alley.

Stephanie's mother testified that in the latter part of August, 1956, Stephanie made a complaint to her about something that happened in the alley.

Rosa's mother testified that in August, 1956, in the afternoon, Rosa and Stephanie were going to ride their bicycles in the alley; they returned to the house and made a complaint about something that happened in the alley; officers came to her house that afternoon; sometime later an officer brought pictures to her house.

Officer King testified that on August 24, 1956, he took a report, concerning an indecent exposure case, from the Garnicas (parents of Rosa); on October 3, 1956, he saw a 1950 Cadillac automobile, with license number KDM 529, that was

parked in Burbank and was green with light gray on the bottom, and was registered to 10838 Hartsook Street, North Hollywood.

Officer Lane testified that on October 4 or 5, 1956, he saw an automobile with green top and white or beige bottom, bearing license number KDM 529; about October 8 he showed five or six pictures to Stephanie and Rosa, and they picked out the picture of defendant; on October 16, after defendant had been arrested, defendant said that he lived at 10838 Hartsook Avenue, North Hollywood, he had owned a 1950 Cadillac automobile which was green and gray, and he had sold it on October 10 to a lady.

Mr. Leve, proprietor of a motel in Los Angeles, who was called as a witness by defendant, testified that Mr. and Mrs. Scudier had been registered at his motel from August 15, 1956, to August 24, 1956, and they checked out of the motel on said August 24.

Mr. Scudier, called as a witness by defendant, testified that he resides in Chicago; he was staying at Mr. Leve's motel from August 15 to August 24, 1956; he and his wife checked out of the motel about 9 a.m. on August 24; he saw defendant on August 24, about 10 a.m., at the home of defendant's mother on Hartsook Avenue; he (witness) and his wife went with defendant and defendant's wife and Pat (Mr. Flood) to the Del Mar race track on August 24, 1956; they arrived at the track about 1:15 p.m. and left there about 6 p.m.; they returned to Los Angeles about 8:30 p.m.; they stopped to visit Donnie and Ronnie (friends of defendant); they took defendant and his wife to their home; then, about 10 p.m., the witness and his wife started on their return trip to Chicago.

Mr. Flood (Pat) testified that on August 24, 1956, he went with defendant, defendant's wife, and Mr. and Mrs. Scudier to the Del Mar race track; they left his home about 10 a.m.; they left the track about 6 p.m.

Defendant testified that on August 24, 1956, he owned a 1950 Cadillac automobile which had a green top and gray bottom, and had license number KDM 529 and was registered to 10838 Hartsook Avenue; on said August 24 he went to the Del Mar race track with his wife, Mr. and Mrs. Scudier, and Pat; they arrived at the track about 1:30 p.m. and remained there until approximately 6 p.m.; then they took Pat to his home; then they stopped at Donnie's home and visited there about half an hour; he had never seen Stephanie or Rosa prior to the preliminary hearing; he never hemmed them in

with an automobile; he sold the Cadillac automobile to Mary Turbeyville in the first part of October, 1955.

On cross-examination, defendant was asked if he had been convicted of a felony. His attorney objected to the question and stated, in effect, that he had objected to that question (in chambers) and it is deemed that he made the same objection again. The objection was overruled. (Previously the attorneys and the judge had discussed the matter in chambers, and defendant's attorney had said that he objected to such question on the ground that the prior conviction referred to was not a felony but was a misdemeanor.) The objection was overruled. Defendant replied that he had not been convicted of a felony. Then the deputy district attorney asked him if he had been convicted in the superior court in Los Angeles County on September 6, 1955, of the crime of indecent exposure in violation of section 311, subdivision 1, of the Penal Code, with a prior conviction of that section and subdivision. Defendant's objection to the question was overruled. Defendant replied that it was not a felony. He testified further, on cross-examination, that he was living at 10838 Hartsook Avenue from October 3 to October 16, 1955; during that time the Cadillac automobile was in the possession of Mary Turbeyville, who was known to many of their friends as his wife; about October 3, he was informed by his mother and Mary Turbeyville that the police desired to talk to him about certain charges; he obtained legal aid and was told that if the police wanted him they could come after him, and that he should wait to see what happened; when defendant's attorney ascertained that there was a warrant for the arrest of defendant, the attorney suggested that defendant go to the police and surrender; defendant followed that advice; upon the advice of his attorney, he refused to talk to the officers; defendant was a studio extra by occupation; sometimes he wore sideburns.

As hereinabove stated, the information filed by the district attorney included an allegation that on September 6, 1955, before the commission of the offense set forth therein, the defendant had been convicted of the crime of indecent exposure in violation of section 311, subdivision 1, of the Penal Code, with a prior conviction of violation of section 311, subdivision 1, of the Penal Code, a felony. When the present case was called for trial, the deputy district attorney made a motion that the allegation of the information, with reference to the prior conviction, be amended to read that the prior

conviction was a misdemeanor (instead of a felony). The motion was granted and the amendment was made by interlineation. Thereupon, the defendant admitted the allegation of prior conviction as amended.

Immediately preceding the time the prosecution rested its case in chief, the deputy district attorney made a motion that the amendment theretofore made by interlineation be stricken out and that the information be amended to read that the prior conviction was a felony (instead of a misdemeanor). The motion was granted. The minutes of the following day recite that the defendant ''is rearraigned and admits the prior conviction as amended.'' The reporter's transcript does not show that defendant was rearraigned or that he admitted the allegation of prior conviction as re-amended. The prosecution offered in evidence a judgment of the superior court in and for Los Angeles County, dated September 6, 1955, in file Number 173290, which judgment recited that John Donald Kelley was convicted of violation of section 311, subdivision 1, of the Penal Code, with a prior conviction of violation of said section and subdivision, a felony. It was stipulated, in the present case, that the Kelley referred to in that judgment is the defendant Kelley in the present case. The judgment also recited that Kelley was sentenced to imprisonment in the county jail for six months. Defendant's attorney objected to said offer of the judgment and stated that there was a sufficient showing in the record of his ''objections as to that being a misdemeanor only.'' The judge said that there was a sufficient showing of his objections. The judgment was received in evidence.

█ Appellant contends that the deputy district attorney was guilty of prejudicial misconduct in asking appellant, on cross-examination, if he had been convicted on September 6, 1955, of the crime of indecent exposure, with a prior conviction of that crime, a felony. Appellant argues to the effect that it was improper to attempt to impeach him by reference to that conviction, for the reason that the sentence pronounced upon the prior conviction was imprisonment in the county jail for six months and therefore the crime was not a felony but was a misdemeanor and that since there was no appeal from the judgment therein and the judgment became final, the judgment could not be attacked collaterally and is ''the law of the case.''

Section 311 of the Penal Code provides: ''Every person who wilfully and lewdly, either: 1. Exposes his person, or the

private parts thereof, in any public place, or in any place where there are present other persons to be offended or annoyed thereby; or, 2. . . . or, 3. . . . or, 4. . . . or, 5. . . . or, 6. . . . is guilty of a misdemeanor. Upon the second and each subsequent conviction under subdivision 1 of this section . . . every person so convicted is guilty of a felony, and is punishable by imprisonment in the state prison for not less than one year.''

Section 17 of the Penal Code provides: ''A felony is a crime which is punishable with death or by imprisonment in the state prison. Every other crime is a misdemeanor. When a crime, punishable by imprisonment in the state prison, is also punishable by fine or imprisonment in a county jail, in the discretion of the court, it shall be deemed a misdemeanor for all purposes after a judgment other than imprisonment in the state prison . . . .''

In the present case, the punishment imposed in the matter of the prior conviction was imprisonment in the county jail for six months. The statutory provision, however, regarding the character of such prior offense and the punishment therefor, designates the offense as a felony and provides that the punishment is imprisonment in the state prison. It is to be noted that the statute does not provide that such offense ''is also punishable by fine or imprisonment in a county jail, in the discretion of the court.'' Appellant concedes that the statute does not provide for a misdemeanor sentence upon such a prior conviction, but he argues to the effect that since a misdemeanor sentence was imposed and the judgment became final, the prior offense which was designated by statute as a felony (without an alternative provision for a jail sentence, in the discretion of the court) was reduced to a misdemeanor. He cites *People* v. *Williams,* 27 Cal.2d 220 [163 P.2d 692], wherein it is said at page 231: '' 'The characterization given a penalized act by the legislature is immaterial in determining whether or not it is a misdemeanor or a felony, the sole test being the nature and extent of the punishment imposed. [Citation.] If the punishment imposed is other than death or imprisonment in the state prison, the penalized act is for all purposes thereafter deemed a misdemeanor.' '' In that case the district attorney attempted to impeach the defendant by reference to a prior record of conviction of second degree burglary, wherein the defendant, who was 19 years of age, was committed to the Preston School of Industry. It was held therein that the punishment imposed was not a misdemeanor

punishment, and it was not error to allow reference to the prior conviction, as a felony, for the purpose of impeachment. It therefore appears that the cited case is not authority in support of a contention that if a court imposes misdemeanor punishment, under a statute which provides only for felony punishment (without an alternative discretionary provision for a misdemeanor punishment) the offense is reduced to a misdemeanor. It was also said in the cited case (p. 229), in quoting from another case: "The necessary inference to be drawn from the language of section 17 of the Penal Code that 'when a crime, punishable by fine or imprisonment in a county jail, in the discretion of the court, it shall be deemed a misdemeanor for all purposes *after a judgment imposing a punishment other than imprisonment in the state prison,*' is that the *offense remains a felony* except when the discretion is actually exercised and the prisoner is punished only by a fine or imprisonment in a county jail." Also, in *People* v. *Trimble,* 18 Cal.App.2d 350 [63 P.2d 1173], it was stated (p. 351) that the sole test in determining whether a crime is a felony or a misdemeanor is the nature and extent of the punishment imposed. In *People* v. *Rowland,* 19 Cal.App.2d 540 [65 P.2d 1333], the Trimble case was cited with approval. In *People* v. *Hamilton,* 33 Cal.2d 45 [198 P.2d 873], it was said (p. 50): "As to a crime *which may be either a misdemeanor or a felony,* depending upon the punishment imposed therefor (Pen. Code, § 17), it is the punishment specified by the sentence which determines the character of the crime 'for all purposes' (§ 17) including that of impeachment." (Italics added.) In those cases the misdemeanor punishment was imposed under statutes which designated the prior crimes as felonies and also provided that, *in the discretion of the court,* misdemeanor punishment might be imposed. In the present case the statute designated the prior crime as a felony and there was no alternative provision in the statute that the court was empowered to impose a jail sentence or any misdemeanor punishment. In "California Criminal Law," 6th edition, by Fricke, it is stated at page 6: "Where the offense is punishable only by imprisonment in the state prison it is always a felony and its character is not changed if the illegal sentence imposed provided for imprisonment in the county jail." The county jail sentence imposed, in the matter of the prior conviction herein, was an inadequate and improper sentence under the definite provision of the statute (Pen. Code, § 311) that the punishment should be imprisonment in the state prison for

not less than one year. Such unauthorized act of grace or clemency did not have the effect of changing the character of the prior crime from its statutory designation of felony to a misdemeanor. It was not improper for the deputy district attorney to refer to the prior conviction of September 6, 1955, while cross-examining the defendant. The court did not err in permitting the deputy to refer to that conviction.

■ Appellant also contends that the deputy district attorney was guilty of prejudicial misconduct in attempting "to impeach the appellant by evidence that the appellant did not contact the police when he heard that they wanted to talk to him." The deputy asked defendant, on cross-examination, where he was between the 3rd and 16th of October, 1956. Defendant replied that he was at home. The deputy said: "You knew the police were seeking to talk to you about these matters?" Defendant's attorney objected to the question on the ground that it was immaterial. The objection was overruled. Defendant replied: "No, I did not, not looking for me. I knew they had been to the house and I contacted legal aid, and they said if they had a warrant and they wanted me they could come after me, and wait and see what happened." Appellant argues that a person has no duty to seek the police merely because he has heard that the police want to talk to him, and that the purpose of the deputy in asking the question was to cause the jury to infer that defendant must have been guilty because he did not contact the officers. The question was immaterial. The defendant was not required to go to the police or to talk to them. The court erred in overruling the objection, but the ruling was not prejudicial under the circumstances here. The evidence shows that defendant, pursuant to advice of his attorney, did go to the police and surrender when he learned there was a warrant for his arrest.

■ Appellant contends further that the court erred in permitting an officer to testify, over appellant's objection, that he was familiar with a police report and he was familiar with whether or not it contained a reference to sideburns. The deputy district attorney asked Officer Lane if, at the time he showed the pictures to Stephanie, he was familiar with the report she had previously made concerning the charge here. Defendant's attorney objected to the question on the ground that it was incompetent and immaterial. The objection was overruled. The officer replied, "Yes, sir." The deputy asked: "And were you familiar with whether or not that report contained any reference to the alleged suspect having sideburns?"

Defendant's attorney objected to the question on the grounds that it called for a conclusion of the witness and for hearsay. The objection was overruled. The officer replied, "Yes, sir." The court erred in overruling the objection. It was immaterial whether the officer was familiar with the report. Whether or not the report contained a reference to sideburns was hearsay. The rulings were not prejudicial, however. The witness merely answered in the affirmative, thereby testifying, in effect, that he was familiar with the report, and he was familiar with *whether or not* it contained any reference to the suspect having sideburns. He did not state whether the report did or did not contain such a reference.

The judgment and the order denying the motion for a new trial are affirmed.

Shinn, P. J., and Vallée, J., concurred.