Filed 11/21/25  P. v. Rocha CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C102397 |
| v. | (Super. Ct. No. 16CF02586) |
| CHRISTOPHER SCOTT ROCHA, | |
| Defendant and Appellant. | |

In 2017, defendant Christopher Scott Rocha pleaded no contest to possession of child pornography.  The trial court placed defendant on probation for three years.

Defendant now appeals from the trial court's denial of his request to reduce his felony conviction to a misdemeanor pursuant to Penal Code section 17, subdivision (b).[1] Defendant contends his conviction cannot be a felony because he was not sentenced to state prison.  We will affirm the trial court's order.

---

[1]  Undesignated statutory references are to the Penal Code.

1

BACKGROUND

In 2016, the People charged defendant with three counts of possession of child pornography in violation of section 311.11, subdivision (a). In 2017, pursuant to a negotiated plea agreement, defendant pleaded no contest to one count of possession of child pornography and the trial court dismissed the remaining charges.

Prior to sentencing, defendant filed a motion to reduce his conviction to a misdemeanor pursuant to section 17, subdivision (b)(3). At the sentencing hearing, the trial court announced its intention to grant probation without requiring defendant to serve time in jail. The trial court indicated it would consider defendant's performance during the first six months to decide whether to reduce the conviction to a misdemeanor or to impose a prison sentence. Defendant withdrew his motion in response to the indicated sentence. Without objection, the trial court suspended imposition of sentence and placed defendant on probation for three years, subject to various terms and conditions, including successful participation in a sex offender therapy program.

In 2019, the probation department filed a petition seeking to extend defendant's probation by two years because defendant had not completed 16 of the 17 homework assignments in his therapy program and the therapist believed he was "not taking his treatment seriously, or making a concerted effort to address the issues that contributed to his offense." The trial court granted the petition without objection and extended defendant's probation by two years under the same terms and conditions.

Five months later, the People filed a petition alleging defendant had violated the terms of his probation by ending his participation in the therapy program. Defendant admitted the violation. The trial court revoked and then reinstated probation, adding a requirement that defendant serve 90 days in jail. In 2022, defendant completed the therapy program.

In 2023, defendant filed a petition to dismiss his conviction or reduce the felony conviction to a misdemeanor. Defendant subsequently withdrew the request to dismiss

his conviction, and the trial court denied the request to reduce the felony to a misdemeanor without prejudice to filing a subsequent petition.

In 2024, defendant filed another petition to dismiss his conviction or reduce it to a misdemeanor. Defendant argued his crime is a misdemeanor because the judgment imposed punishment other than state prison. The trial court denied the petition.

DISCUSSION

Defendant contends that because he "was not sentenced to state prison, his felony conviction is presumed to be a misdemeanor." We disagree.

Section 17 defines a felony as "a crime that is punishable with death, by imprisonment in the state prison, or, notwithstanding any other law, by imprisonment in a county jail under the provisions of subdivision (h) of [s]ection 1170." (§ 17, subd. (a).) "Every other crime or public offense is a misdemeanor except those offenses that are classified as infractions." (§ 17, subd. (a).) This means that "[t]he Legislature has classified most crimes as *either* a felony or a misdemeanor, by explicitly labeling the crime as such, or by the punishment prescribed," but "a special class of crimes . . . commonly referred to as 'wobbler[s]' [citation], are chargeable or, in the discretion of the court, punishable as either a felony *or* a misdemeanor." (*People v. Park* (2013) 56 Cal.4th 782, 789 (*Park*); see *Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 902, fn. 9.) Defendant's conviction for violating section 311.11, subdivision (a) belongs to this special class—it is punishable, in the discretion of the trial court, by either imprisonment in the state prison or imprisonment in the county jail. (§ 311.11, subd. (a).)

"[A] 'wobbler,' is deemed a felony unless charged as a misdemeanor by the People or reduced to a misdemeanor by the sentencing court under . . . section 17, subdivision (b)." (*People v. Statum* (2002) 28 Cal.4th 682, 685.) As relevant here, section 17 states that a crime is a misdemeanor if, under subdivision (b)(1), the judgment

3

imposes a punishment other than state prison or county jail, or, under subdivision (b)(3), the trial court grants probation and declares the offense to be a misdemeanor.

Defendant contends section 17, subdivision (b)(1) applies because the trial court never sentenced him to a felony punishment. However, subdivision (b)(1) applies when the trial court imposes a "punishment." (§ 17, subd. (b)(1)) But "[p]robation is neither 'punishment' (see § 15) nor a criminal 'judgment' (see § 1445). Instead, courts deem probation an act of clemency in lieu of punishment." (*People v. Howard* (1997) 16 Cal.4th 1081, 1092.) Here, the trial court suspended imposition of sentence and placed defendant on probation. It did not impose a punishment and section 17 subdivision (b)(1) does not apply.

Section 17, subdivision (b)(3) applies when the trial court grants probation. (§ 17, subd. (b)(3).) The trial court had discretion to declare defendant's conviction a misdemeanor, but declined to do so when it first placed defendant on probation, and later it denied defendant's requests that his conviction be reduced to a misdemeanor. Because the trial court did not take "affirmative steps to classify the crime as a misdemeanor" under section 17, subdivision (b)(3), the conviction remains a felony. (*Park, supra*, 56 Cal.4th at p. 793.) Even if there was some arguable conflict between section 17, subdivisions (b)(1) and (b)(3), subdivision (b)(3) would control in this case as the more specific provision pertaining to a grant of probation. (See *People v. Robinson* (2012) 208 Cal.App.4th 232, 260.)

Defendant cites two cases in support of his position, *People v. Trimble* (1936) 18 Cal.App.2d 350 and *In re Application of Miller* (1933) 218 Cal. 698, but both predate the enactment of the provision that became section 17, subdivision (b)(3). (See *Park, supra*, 56 Cal.4th at pp. 792-793 & fn. 8; Stats. 1963, ch. 919, § 1, pp. 2169-2170.) The statute in effect at the time of those decisions did not address grants of probation, and those decisions do not discuss a grant of probation. " 'It is axiomatic that cases are

4

not authority for propositions not considered.' " (*People v. Avila* (2006) 38 Cal.4th 491, 566.)

## DISPOSITION

The order denying defendant's request to reduce his felony conviction to a misdemeanor is affirmed.


                                                  /S/

                                             MAURO, J.


We concur:


   /S/

EARL, P. J.


   /S/

DUARTE, J.

5